[No. 2471. Decided January 15, 1897.]

Thomas B. Glover, *Respondent*, v. Charles Cove *et ux., Appellants.*

APPEAL — SUFFICIENCY OF BOND.

When the .sufficiency of the sureties on an appeal bond is challenged by the respondent, and notice thereof filed as required by law, the bond is thereafter insufficient for purposes of appeal, unless approved by the judge.

Appeal from Superior Court, Spokane County.— Hon. Norman Buck, Judge. Appeal dismissed.

*L. H. Prather*, and *John H. Roche*, for appellants.
*James Dawson*, and *David Herman*, for respondent.

*Per Curiam.*—A motion to dismiss the appeal in this cause is made by respondent on the ground that

the bond on appeal filed by appellants was declared void by the judge in the superior court, and no additional bond was filed.

The bond filed by appellants was excepted to by respondent for insufficiency of the sureties, and notice of time and place for examination of the sureties was given appellants, and counsel for both parties appeared for such examination before the judge, one of the sureties only appearing at the time. The judge thereupon appointed a referee to take and report testimony. Upon such examination the referee reported the sureties on the bond insufficient, and the judge made an order on the 26th day of May, 1896, that the sureties were not qualified and sufficient in the bond, and declaring it null and void.

Some question is made by the appellants of the regularity of the order annulling the bond, because it is alleged that no written report was filed by the referee appointed to examine the sureties, but this is immaterial at this time, and the certificate of the judge that a report was made is conclusive upon this point. When the sufficiency of the sureties of an appeal bond is challenged by the respondent and notice of exceptions to the hearing thereof filed as required by law, it is the duty of the appellant to have the bond approved by the judge. It is no longer a sufficient bond unless so approved. Such approval was not had in this case, and the motion to dismiss the appeal must prevail.